UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PARIS SINKFIELD,

        Plaintiff,

CASE NO.:

vs.

THE NORTH HIGHLAND COMPANY, LLC,

JURY TRIAL DEMANDED

        Defendant.     /

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, PARIS SINKFIELD, by and through the undersigned attorney, and sues the Defendant, THE NORTH HIGHLAND COMPANY, LLC (hereinafter referred to as "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover, from Defendant, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. Plaintiff was employed as a "Senior Payroll Specialist" for Defendant and performed related activities at their Atlanta, Georgia place of business located at 3333 Piedmont Road, N.E., Suite 1000, Atlanta, GA 30305.

4. Defendant is a Delaware Corporation which operates and conducts business in the City of Atlanta, Fulton County, Georgia, and is therefore within the jurisdiction of this Court.

## JURISDICTION

5. This action arises under the FLSA, 29 U.S.C. §210, *et. seq*. The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

6. The venue of this Court over this controversy is proper based upon the claim arising in the City of Atlanta, Fulton County, Georgia.

## COVERAGE

7. At all material times relevant to this action (2014-2017), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8. At all material times relevant to this action (2014-2017), Defendant made gross earnings of at least $500,000 annually.

9. At all material times relevant to this action, Defendant accepted payments from customers issued by out-of-state banks, nationwide.

10. At all material times relevant to this action, Defendant routinely ordered office equipment, materials, products, and supplies from out-of-state vendors and/or entities (i.e., computers, telephones, paper, etc.).

11. At all material times relevant to this action, Defendant had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e., computers, telephones, paper, etc.).

12. At all material times relevant to this action, Plaintiff was individually engaged in interstate commerce during her employment with Defendant by, including, but not limited to, processing payroll information for the Defendant, running reports and solving any discrepancies therein, and processing Defendant's expenses.

## FACTS

13. Defendant is an organization providing business consulting services to clients in varying industries.

14. Plaintiff began working for Defendant on approximately March 1, 2015 as a temporary "Senior Payroll Specialist."

15. In Plaintiff's temporary role as a "Senior Payroll Specialist,"

Plaintiff was classified as an hourly-paid employee.

16. In this capacity, Plaintiff was responsible for processing payroll information for the Defendant, running reports and solving any discrepancies therein, and processing Defendant's expenses.

17. In Plaintiff's position as a temporary "Senior Payroll Specialist" she made twenty-seven dollars ($27.00) per hour of work, and worked approximately forty-five to fifty-five (45-55) hours per week.

18. Plaintiff was correctly compensated for all work performed for Defendant in her temporary role.

19. On approximately September 1, 2015, Plaintiff was hired on into a permanent "Senior Payroll Specialist" role for Defendant.

20. Plaintiff was informed that she would be hired on a forty (40) hour workweek.

21. In the permanent "Senior Payroll Specialist" role, Defendant classified Plaintiff as a salaried exempt employee, thereby avoiding any obligation to pay overtime.

22. In this capacity, Plaintiff was still responsible for processing payroll information for the Defendant, running reports and solving any discrepancies therein, and processing Defendant's expenses.

23. Plaintiff was misclassified as an exempt employee.

24. Plaintiff continued to perform non-exempt job duties.

25. Plaintiff worked approximately fifty-six to sixty (56-60) hours per week in her permanent role as a "Senior Payroll Specialist".

26. Plaintiff worked for Defendant without being paid the correct overtime premium rate of time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

27. Plaintiff was initially paid a salary of fifty-five thousand dollars ($55,000) per year as a permanent "Senior Payroll Specialist", and was eventually awarded an increase to sixty-two thousand dollars ($62,000) per year.

28. Plaintiff worked overtime hours on a weekly basis throughout her employment.

29. Plaintiff was paid a set, bi-weekly salary as a permanent "Senior Payroll Specialist" for Defendant.

30. The set, bi-weekly salary was paid to Plaintiff without regard to the hours that she worked after hours and on the weekends.

31. Plaintiff did not hire employees.

32. Plaintiff did not fire employees.

33. Plaintiff did not make suggestions on hiring or firing employees.

34. Plaintiff could not make suggestions without approval.

35. Plaintiff was not required to have gone through an advanced course of study for computer training.

36. Plaintiff's duties do not consist of the application of systems analysis techniques and procedures, including consulting with users to determine hardware, software, or system functional specifications.

37. Plaintiff's duties did not consist of the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

38. Plaintiff's duties did not consist of the design, documentation, testing, creation or modification of computer programs related to machine operating systems.

39. Plaintiff was paid a salary without additional compensation for overtime hours worked.

40. Despite working more than forty (40) hours within a work week, Defendant failed to pay Plaintiff the correct overtime premium rate of time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

41. Specifically, Defendant improperly classified Plaintiff as

"exempt" from the requirements of the FLSA.

42. Defendant, its officers, and agencies are responsible under federal law, regulations for the establishment and administration of personnel, employment and compensation policies and practices, for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes.

43. Defendant was aware of the overtime hours worked.

44. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST THE NORTH HIGHLAND COMPANY, LLC

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 44 above.

46. Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

47. Plaintiff worked overtime hours but was not paid time and one-half her regular rate of pay for the same during several weeks.

48. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half their regular rate of pay for

each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

49. Defendant neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

50. As a result of Defendant's willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages.

WHEREFORE Plaintiff, PARIS SINKFIELD, demands judgment against THE NORTH HIGHLAND COMPANY, LLC, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by Plaintiff for which Defendant did not properly compensate Plaintiff, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this **2nd** day of **August**, **2017**.

*s/ Carlos V. Leach*
Carlos V. Leach, Esq.
GA Bar No.: 488443

                                      MORGAN & MORGAN, P.A.
                                      191 Peachtree Street, N.E.
                                      Suite 4200
                                      Post Office Box 57007
                                      Atlanta, GA 30343-1007
                                      Telephone: (404) 965-8811
                                      Email: CLeach@forthepeople.com
                                      *Attorney for Plaintiff*