# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **PARIS SINKFIELD,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**THE NORTH HIGHLAND COMPANY, LLC,**<br><br>   **Defendant.** | **CIVIL ACTION NO.**<br>**1:17-CV-02902-SCJ** |

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff Paris Sinkfield and Defendant The North Highland Company, LLC, (collectively, the "Parties"), by and through their undersigned counsel, hereby submit their Memorandum of Law in Support of Joint Motion to Approve Settlement And For Order of Dismissal With Prejudice.

**I.    FACTUAL BACKGROUND**

Defendant previously employed Plaintiff, from September 1, 2015, through her termination on May 26, 2017, as a Senior Payroll Specialist. During this time period, Defendant compensated Plaintiff on a salary basis. On August 2, 2017, Plaintiff filed her Complaint, seeking the recovery of alleged unpaid overtime wages in connection with work Plaintiff performed while working for Defendant

from September 1, 2015 through the date of her termination.  (*See* Complaint, Dkt. No. 1.)

During the relevant time period, Defendant classified Plaintiff as exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").Plaintiff alleges that she was not exempt from the overtime requirements of the FLSA by reason of any exemption.  (*Id.* ¶¶ 22-23.)  Plaintiff asserts that she regularly worked in excess of forty (40) hours per week, and because Defendant allegedly misclassified her as exempt, it failed to compensate her at one and one-half times her regular rate for work performed in excess of forty (40) hours in any week.  (*Id.*¶ 40.)  Plaintiff also contends that Defendant's alleged violation of the FLSA was willful, and thus asserts that an award of liquidated damages in this action in appropriate.  (*Id* ¶50.)

Defendant has at all times denied that it violated the FLSA.  Defendant contends that Plaintiff's claims are barred, in whole or in part, because the work she performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA.  *See e.g.,* 29 U.S.C. §§ 207, 213(a), 213(b).  Specifically, Defendant contends that Plaintiff was employed in a *bona fide* administrative capacity under section 13(a)(1) of the FLSA.  *See* 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.200, 541.201.Therefore, Defendant contends that it properly classified

Plaintiff as exempt from the minimum wage and overtime requirements of the FLSA and properly compensated Plaintiff for all hours worked. Thus, a *bona fide* dispute between the Parties exists regarding the classification of Plaintiff as exempt under the FLSA.

After the filing of the Complaint, counsel for Defendant and counsel for Plaintiff engaged in settlement negotiations in an effort to avoid the time and expense of litigation. In connection with these efforts, Defendant provided Plaintiffs' counsel with detailed information regarding Plaintiffs' work hours during her employment with Defendant, and the Parties exchanged information regarding Plaintiffs' work duties. The Parties used this information to perform an analysis of the potential for liability and damages in this case. This voluntary exchange of detailed factual information has helped the Parties understand each other's respective positions as to the legal and factual merits of the claims, and this exchange of information has enabled each Party to understand and assess the details and substance of the claims and defenses at issue.

On January 5, 2018, the Parties reached an agreement to amicably settle this litigation. As a material term of the settlement, the Parties have agreed that the terms of their Settlement Agreement shall remain confidential and will be approved by this Court pursuant to the FLSA and Eleventh Circuit precedent.

Under the settlement, Plaintiff will receive consideration from Defendant to resolve her claims in this case which arose under the FLSA, as well as additional consideration for confidentiality and to resolve and release other claims that Plaintiff has asserted or may choose to assert against Defendant, notwithstanding that Defendant maintains that it is not liable to Plaintiff under the FLSA or any other possible theory or claim, and expressly denies any wrongdoing or liability whatsoever. As a result, the Parties respectfully request that the Court approve their settlement and dismiss this action with prejudice.

The Parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing were taken into account in the Parties agreeing upon the resolution memorialized in their Settlement Agreement. The Parties further believe there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter. In light of the Parties' continued discussions, they have compromised their respective positions based upon information exchanged.

To advance the Parties' negotiated term of confidentiality, the Parties are

concurrently filing a motion to file under seal or submit for *in camera* inspection a copy of the Settlement Agreement. *See, e.g., Lord, et al. v. Corporate Employment Resources, Inc.*, No. 1: 14-cv-02937-WSD, Dkt. # 6 (N.D. Ga. Oct. 20, 2014) (granting parties' joint motion to file motion for approval of settlement and settlement agreement under seal in FLSA litigation); *Survis v. Sungard IWorks LLC*, No. 1:10-CV-1051-TWT, Dkt. # 23 (N.D. Ga. Dec. 9, 2010) (granting the parties' joint motion to file motion for approval of settlement and settlement agreement under seal in FLSA litigation); *Wright v. TriMark Health Services, Inc.*, No. 1:14-cv-01311-WBH, Dkt. # 13 (N.D. Ga. August 28, 2014) (granting defendant's unopposed motion for leave to file settlement documents under seal in FLSA litigation); *LaMonte et al., v. Beavex, Inc.*, No. 1:09-cv-3158-JEC, Dkt. # 115 (N.D. Ga. Oct. 31, 2011) (granting parties' joint motion to file motion for approval of settlement and settlement agreement under seal in FLSA litigation); *Ellington v. Spartan Technologies, Inc.,* No. 1:10-cv-01863-TCB, Dkt. # 21 (N.D. Ga. Dec. 22, 2010) (granting the parties' joint motion to file motion for approval of settlement and settlement agreement under seal in FLSA litigation); *Gilmore v. Nationwide Ins. Co.,* No. 2:06-CV-183-WKW, 2006 U.S. Dist. LEXIS 88919 (M.D. Ala. 2005) (granting the parties' joint motion for *in camera* review and approval of settlement agreement and release).

## II.     ARGUMENT

### A.     Approval of the Terms of the Settlement Agreement

The Eleventh Circuit, as well as the FLSA, requires that the Court approve a private settlement of an overtime or minimum wage claim arising under the FLSA. *See Lynn's Food Stores, Inc. v. United States of America*, 679 F.2d 1350, 1353 (11th Cir. 1982) (district court to approve back wage settlement in order to promote the policy of encouraging settlement of litigation). When parties bring a proposed settlement of an FLSA claim before a court, the court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See*

*King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 U.S. Dist. LEXIS 16135 (M.D. Fla. Feb. 20, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n. 6 (11th Cir. 1994)); *see also Tam Su v. Elec. Arts, Inc.*, No. 6:05-cv-131-Orl-28JGG, 2007 U.S. Dist. LEXIS 72961, at *8-9 (M.D. Fla. Aug. 29, 2007); *Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 U.S. Dist. LEXIS 16477 (S.D. Cal. March 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 U.S. Dist. LEXIS 16135, at *7 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 U.S. Dist. LEXIS 16135, at *7 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

### B.   The Settlement is Fair, Just, and Reasonable.

In this case, the proposed settlement is fair, just, and reasonable. At all times during this litigation, Plaintiff and Defendant have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. The settlement was reached after both parties engaged in preliminary fact finding

regarding the merits of their respective client's positions. Counsel for the parties exchanged information about Plaintiff's work time and pay, including Defendant's counsel producing to Plaintiff's counsel Plaintiff's login records and payroll records, and counsel for the parties then discussed on several occasions via teleconference the merits of the case. Based on their assessment of the strengths and weaknesses of the case, counsel for both Parties ardently negotiated their position, and several offers and counteroffers were exchanged. In the end, both parties' experienced counsel deemed the settlement fair and reasonable. *See Fresco v. Auto Data Direct, Inc.*, 2007 U.S. Dist. LEXIS 37863, at **17-18 (S.D. Fla. May 11, 2007) (finding the support of experienced counsel for settlement "weighs strongly in favor of approval").

Additionally, questions of fact and law exist that place the ultimate outcome of the litigation in doubt. Questions exist as to Plaintiff's job duties and responsibilities, and whether the performance of those job duties made Plaintiff exempt from the minimum wage and overtime provisions of the FLSA. Also, if the Plaintiffs were able to prove that they should have been classified as non-exempt employees under the FLSA, issues exist regarding how much work, including overtime work, Plaintiff performed and whether this time should be offset by certain payments for other, non-compensable time. Proof of Plaintiff's

8

claims could have been accomplished, if at all, only through further extensive and costly discovery for all Parties, including deposing Plaintiff, successfully overcoming dispositive motions filed by Defendant, and then trial of this action.

The parties' agreement that the settlement is fair and reasonable is also a significant factor weighing in favor of the Court's approval of the settlement. *See In re Bankamerica Corp. Sec. Litig.*, 210 F.R.D. 694, 701 (E.D. Mo. 2002) ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by the way of compromise to the mere probability of relief in the future, after protracted and expensive litigation.  In this respect, it has been held proper to take the bird in the hand instead of the prospective flock in the bush").  Here, the Parties negotiated a fair and reasonable settlement amount for Plaintiff based on the estimated number of hours that Plaintiff worked in a work week and Plaintiff's hourly rate.  This information was provided by North Highland voluntarily.  Based on Plaintiff's own estimation of the hours she worked (and which Defendant completely denies), Plaintiff will recover over 96% of her alleged overtime owed.  The Parties' agree that this settlement is fair and reasonable and weighs in favor of Court approval of the settlement.

Additionally, there has been no collusion, fraud, or any other inappropriate

conduct by either Plaintiff or Defendant in this case, and the settlement was ultimately agreed upon after the parties exchanged preliminary fact finding information.  Courts have found no fraud or collusion where both Parties were represented by counsel and the amount to be paid to the plaintiff seemed fair.  *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11–12 (M.D. Fla. Dec. 21, 2006).  Based on the amounts to be paid to Plaintiff, as well as the separate amounts to be paid to Plaintiff's counsel, as well as the involvement of experienced FLSA counsel who vigorously pursued their respective client's interests and positions, the Parties believe it is transparent here that there was no fraud or collusion.  The probability of success on the merits and length of future litigation also militate in favor of this settlement.  If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses.  This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs.

Finally, the Parties jointly advise the Court that their settlement, and the Settlement Agreement being submitted for *in camera* review and approval by the Court, includes every term and condition of the Parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

The Parties therefore respectfully submit that the Settlement Agreement they have entered into is consistent with the intent and purpose of the FLSA and the requirements on *Lynn's Food*, and all of the relevant criteria support approval of the ultimate settlement in this matter.

### C. Payment for Attorneys' Fees and Costs Are Reasonable

The Parties further agree that Plaintiffs' counsel's proposed attorneys' fees and costs payments set forth in the Settlement Agreement is fair and reasonable based on the time and expenses Plaintiffs' counsel has expended on this case since its inception, including, but not limited to, investigative work, numerous telephone conferences with Plaintiff and opposing counsel, reviewing time and attendance data, performing detailed damage calculations, and negotiating a resolution.

Under the FLSA, Plaintiffs may recover their attorneys' fees and expenses under the statute's fee-shifting provision. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In negotiating fair and reasonable settlement amounts on behalf of the Plaintiff, the Parties' agreed to an amount for attorneys' fees, which is a compromise from the hours actually expended by Plaintiffs' counsel in this matter. Further, this amount for attorneys' fees **is separate and in addition to** the amounts

paid to Plaintiff.  Likewise, the attorneys' fees and costs were negotiated separately from the Plaintiff's claim for unpaid wages.  Therefore, the fee amount does not diminish Plaintiff's recovery and further supports that the settlement is reasonable. *See Bonetti v. Embarq Mgmt. Co.,* 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

Against this backdrop, the Parties agree that the proposed settlement of Plaintiffs' counsel's attorneys' fees and costs is fair and reasonable, and should be approved.  Plaintiff has reviewed and executed her Settlement Agreement providing for the payment of attorneys' fees and expenses as stated.

**III.   CONCLUSION**

Based upon the foregoing, the Parties jointly believe the settlement terms are fair, reasonable, and adequate.  Accordingly, the Parties respectfully request that the Court grant this Joint Motion for Approval of the Settlement and dismiss this action with prejudice.  For the Court's convenience, a proposed approval order is being submitted concurrently herewith.

Dated this 23rd day of February, 2018

| **/s/ C. RYAN MORGAN** | **/s/ WESLEY E. STOCKARD** |
|---|---|
| C. Ryan Morgan, Esq. | Wesley E. Stockard, Esq. |
| Georgia Bar No. 711884 | Georgia Bar No. 159090 |
| rmorgan@forthepeople.com | wstockard@littler.com |
| | Blaze R. Knott |
| MORGAN & MORGAN, P.A. | Georgia Bar No. 198526 |
| 20 North Orange Avenue | bknott@littler.com |
| Suite 1600 | |
| Orlando, FL 32801 | LITTLER MENDELSON, P.C. |
| Telephone: (407) 420-1414 | 3344 Peachtree Road N.E., Suite 1500 |
| Facsimile:  (407) 245-3401 | Atlanta, GA  30326.4803 |
| | Telephone: 404.233.0330 |
| **Counsel for Plaintiff** | **Counsel for Defendant** |

## FONT CERTIFICATION

The undersigned hereby certify that this pleading complies with the font requirements of LR 5.1B because the document has been prepared in Times New Roman, 14 point.

| | |
|---|---|
| **/s/ C. RYAN MORGAN** | **/s/ WESLEY E. STOCKARD** |
| C. Ryan Morgan, Esq. | Wesley E. Stockard, Esq. |
| Georgia Bar No. 711884 | Georgia Bar No. 159090 |
| rmorgan@forthepeople.com | wstockard@littler.com |
| | Blaze R. Knott |
| MORGAN & MORGAN, P.A. | Georgia Bar No. 198526 |
| 20 North Orange Avenue | bknott@littler.com |
| Suite 1600 | |
| Orlando, FL 32801 | LITTLER MENDELSON, P.C. |
| Telephone: (407) 420-1414 | 3344 Peachtree Road N.E., Suite 1500 |
| Facsimile: (407) 245-3401 | Atlanta, GA 30326.4803 |
| | Telephone: 404.233.0330 |
| **Counsel for Plaintiff** | **Counsel for Defendant** |